UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CAROL CHRISTI COBB,

        Plaintiff,

   v.

AURORA LOAN SERVICES, LLC, and DEUTSCHE BANK TRUST COMPANY AMERICAS, as trustee for RALI 2007-QH9,

        Defendants.
_____/

NO. CIV. 09-858 WBS KJM

ORDER RE: MOTION TO DISMISS

----oo0oo----

I.   Factual and Procedural Background

     In July 2007, plaintiff Carol Christi Cobb obtained a $1,000,000 loan from BrooksAmerica Mortgage Corporation ("BrooksAmerica") in order to purchase her home in Orangevale, California. (Compl. ¶ 13.) Defendants Deutsche Bank Trust Company Americas ("DBTCA") and Aurora Loan Services LLC ("Aurora") currently function as the trustee and servicer of this loan, respectively. (Id. ¶¶ 25, 67.)

     On December 16, 2008, plaintiff notified BrooksAmerica and Aurora of her intention to rescind her loan due to alleged

violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f. (Id. ¶ 22). That request was rejected by DBTCA on March 24, 2009 (id. ¶ 45), and plaintiff subsequently brought this action against Aurora and DBTCA on March 29, 2009, alleging several violations of state and federal law. The following day, plaintiff filed a petition for Chapter 7 bankruptcy protection. (Defs.' Req. Judicial Notice ("RJN") Ex. 1.) Defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

II. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). "[A]mple authority exists," however, "which recognizes that matters of public record, including court records in related

1 or underlying cases which have a direct relation to the matters
2 at issue, may be looked to when ruling on a 12(b)(6) motion to
3 dismiss." In re Am. Continental Corp./Lincoln Sav. & Loan Sec.
4 Litig., 102 F.3d 1524, 1537 (9th Cir. 1996) (collecting cases),
5 rev'd on other grounds by Lexecon, Inc. v. Milberg Weiss Bershad
6 Hynes & Lerach, 523 U.S. 26 (1998). Here, defendants have
7 provided the court with plaintiff's petition for Chapter 7
8 bankruptcy protection dated March 30, 2009. (RJN Ex. 1.)
9 Hearing no objection from plaintiff (see Opp'n 2:15-18), the
10 court will consider this document in deciding defendants' motion
11 to dismiss.

12        The filing of a bankruptcy petition creates an estate
13 in bankruptcy. See 11 U.S.C. § 541(a); In re Raintree Healthcare
14 Corp., 431 F.3d 685, 688 (9th Cir. 2005). A bankruptcy estate
15 consists of "all legal or equitable interests of the debtor in
16 property as of the commencement of the case." 11 U.S.C. §
17 541(a)(1). "It is well settled," moreover, "that prepetition
18 causes of action, including TILA claims, are assets included
19 within the meaning of property of the estate." Hernandez v.
20 Downey Sav. & Loan Ass'n, F.A., No. 08-2336, 2009 WL 704381, at
21 *3 (S.D. Cal. Mar. 17, 2009) (citing Cusano v. Klein, 264 F.3d
22 936, 945 (9th Cir. 2001); In re Smith, 640 F.2d 888, 890 (7th
23 Cir. 1981); Rowland v. Novus Fin. Corp., 949 F. Supp. 1447, 1453
24 (D. Haw. 1996)); see, e.g., Sierra Switchboard Co. v.
25 Westinghouse Elec. Corp., 789 F.2d 705, 708 (9th Cir. 1986); Yack
26 v. Wash. Mut., Inc., 389 B.R. 91, 95 (N.D. Cal. 2008).

27        After filing a petition for Chapter 7 bankruptcy
28 protection, a debtor "may not prosecute a cause of action

belonging to the bankruptcy estate" because the bankruptcy trustee is the "real party in interest" with respect to such claims.  Hernandez, 2009 WL 704381, at *5 (citing Rowland, 949 F. Supp. at 1454; Griffin v. Allstate Ins. Co., 920 F. Supp. 127, 130 (C.D. Cal. 1996)); see Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").  In order to circumvent this proscription, a debtor must either show that his or her claims are exempt from the bankruptcy estate or were abandoned by the bankruptcy trustee.  Rowland, 949 F. Supp. at 1453-54.

Here, it is undisputed that the transactions giving rise to plaintiff's lawsuit occurred before she filed her petition for Chapter 7 bankruptcy protection.  Indeed, evincing a misunderstanding of the governing legal principles in this case, plaintiff's opposition asserts, "While it is true that [plaintiff] did file a Chapter 7 bankruptcy [petition], she did so AFTER filing this [C]omplaint . . . and the property and this action was not part of any bankruptcy estate at the time of filing."  (Opp'n 2:15-18.)  Plaintiff does not otherwise allege that her claims are exempt from the bankruptcy estate, and neither her alleged disclosure of the Complaint to the trustee (see id. at 2:18-20), nor any oral assurances she allegedly received that the trustee anticipates abandoning these claims, are apparent from the bankruptcy court's docket.  See 11 U.S.C. § 554(a) (providing that the trustee may abandon property of the estate "[a]fter notice and a hearing" before the bankruptcy court).

Plaintiff's sole remaining argument on the issue of her

4

bankruptcy proceeding criticizes defendants' "attempt to secure [the] court's ruling . . . without obtaining [] relief from the bankruptcy stay pursuant to 11 U.S.C. § 362." (Opp'n 2:24-3:2.) Plaintiff again misapprehends the applicable law, for it is well-established that the automatic stay provision of 11 U.S.C. § 362 "does not apply to actions initiated by a debtor." Sanchez v. Torres, No. 07-4174, 2008 WL 1701900, at *1 n.2 (N.D. Cal. Apr. 10, 2008) (citing, inter alia, Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989)); see In re Merrick, 175 B.R. 333, 336 (B.A.P. 9th Cir. 1994) ("While restraint of a defendant in a suit subject to prosecution by the estate arguably could contribute to an orderly processing of estate assets, we could find no case that supports the proposition that the automatic stay prevents a defendant from continuing to defend against a pre-bankruptcy lawsuit.  To the contrary, there is substantial authority that the stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor.").

        Accordingly, because plaintiff is no longer the "real party in interest" for the prosecution of her lawsuit, the court must grant defendants' motion to dismiss.

        IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED.

        Plaintiff has thirty (30) days from the date of this

///
///
///
///

Order to file an amended complaint, if she can do so consistent with this Order.

DATED:   June 25, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE